E. MOULTHAN ET AL., APPELLEES, V. FRED APKING ET AL., APPELLANTS.

FILED APRIL 2, 1902. NO. 11,579.

1. Confirmation of Sale: EVIDENCE. Record examined, and *held* confirmation of sale of real estate was regularly and properly entered; *held* also the evidence is sufficient to sustain the ruling of the trial court on objections to appraisal and confirmation of sale.

2. Certificate of Incumbrance: REVENUE STAMP. The certificates of prior incumbrances and appraisal of land for the purpose of sale in foreclosure proceedings are not required to be stamped, under the provisions of the war revenue act of 1898. *Noble v. Citizens' Bank of Geneva*, 63 Nebr., 847, followed.

3. Brief: RECORD: QUESTION PRESENTED. Questions discussed in briefs which are not properly presented by the record will not be considered.

APPEAL from the district court for Fillmore county. Heard below before STUBBS, J. *Affirmed*.

*J. H. Stirling*, for appellants.

*F. B. Donisthorpe* and *Charles H. Sloan, Frank W. Sloan* and *Robert J. Sloan*, contra.

HOLCOMB, J.

Appellants, who were defendants below in a suit for the foreclosure of a real estate mortgage, objected to the ap-

praisement of the land made for the purpose of a sale in satisfaction of the decree and in pursuance of the order of court, and also to the confirmation of the sale thereafter made, on the ground that the appraisement so made was so much below the real value as to be in fraud of the rights of the appellants, who were the owners of the equity of redemption. The land was appraised at the gross sum of $2,500. Three affidavits on behalf of appellants were filed in support of their objections, in which the land was estimated by the parties making the affidavits to be of the value of $2,800. The appellants filed their own affidavits, fixing the value at $4,400. But in view of their interest in the subject-matter in litigation and the highly inflated valuation placed on the land as compared with all others testifying regarding the question, as well as the evidence of value as fixed by the appraisers, these affidavits were very probably considered as of little value by the trial court in determining the matter then under consideration. No very great difference appearing between the affidavits of the others in support of the objection and the valuation as fixed by the three appraisers, and the court in passing on the question having refused to set aside the appraisal as being so grossly low and inadequate as to be presumptively fraudulent, we can not say such action is unsupported by the evidence. No actual fraud is charged, nor is any attempt made to prove that such was the case. The evidence was fairly conflicting, and we think supports the conclusion reached. Error can not, therefore, be predicated on the ruling in that regard. *Nebraska Loan & Building Ass'n v. Marshall,* 51 Nebr., 534.

It is also contended that, because no revenue stamps were attached to the certificates of incumbrances and the appraisal of the land as made by the sheriff and two others called for that purpose, no competent evidence existed showing the same to have been made, and for that reason the trial court could not rightfully enter an order confirming the sale. Such certificates are not required to be stamped, under the provisions of the war revenue act of 1898. *Noble v. Citizens' Bank of Geneva,* 63 Nebr., 847.

The objection last mentioned, for the reason stated, is untenable. Other questions are discussed which are not properly presented by the record before us, and will not, for that reason, be further noticed.

We find nothing in the record to warrant us in concluding otherwise than that the order appealed from was properly and .regularly entered, and should therefore be affirmed, which is accordingly done.

· AFFIRMED.